UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH RODNEY RIGGI, | ) | 1:08-cv-01816-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS FOR VIOLATION OF |
| v. | ) | THE ONE-YEAR STATUTE OF |
| | ) | LIMITATIONS (Doc. 1) |
| | ) | |
| DERRAL G. ADAMS, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE FILE |
| Respondent. | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on November 18, 2008.[1] On December 8, 2008, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 5).

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for purposes of conducting a preliminary screening of the petition and making a preliminary determination regarding the statute of limitations, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

A preliminary review of the Petition revealed that the petition was untimely and should therefore be dismissed; accordingly, on April 2, 2009, the Court issued an Order to Show Cause requiring Petitioner to show cause within thirty days why the petition should not be dismissed. (Doc. 6). On May 4, 2009, Petitioner filed his response. (Doc. 8).

DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the Order to Show Cause on April 2, 2009, and providing Petitioner an opportunity to file his response, the Court afforded Petitioner the notice required by the Ninth Circuit.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on November 18, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the one-year period commences on the day after a petitioner's direct review becomes final. Here, the Court has accessed the California state court system's electronic database to determine that Petitioner filed a petition for review that was denied by the California Supreme Court on June 9, 2004.[2] Thus, direct review would have concluded on September 7, 2004, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, September 8, 2004, or until September 7, 2005, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, the instant petition was not filed until November 18, 2008, over three years *after* the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the petition is untimely and must be

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

dismissed.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See

Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges, and the Court has confirmed through the California courts' electronic database, that Petitioner filed the following state habeas petitions: (1) filed in the Kern County Superior Court on May 22, 2007, and denied on July 20, 2007; (2) filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on February 1, 2008, and denied on February 14, 2008; and (3) filed in the California Supreme Court on April 21, 2008, and denied on October 1, 2008. Assuming, without deciding, that all three petitions were "properly filed" pursuant to the AEDPA, they do not afford Petitioner any statutory tolling because all of them were filed after the one-year period had already ended.

A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on September 7, 2005, approximately twenty months *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA. That being the case, the petition can only be saved by equitable tolling.

D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, in his response to the Court's Order to Show Cause, Petitioner has raised a claim of entitlement to equitable tolling. Specifically, Petitioner contends that (1) the prison law library does not contain legal materials in Spanish or a Spanish-speaking clerk, which he requires for full understanding; (2) he has no legal experience and no access to anyone with legal expertise; (3) he has had to proceed pro se; and (4) he has acted with diligence by exhausting all of his claims. (Doc. 8, pp. 7-9).

An inmate's difficulties with the prison law library–including library closures and unpredictable lockdowns--do not constitute extraordinary circumstances warranting equitable tolling in this case. See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Similarly, Petitioner's lack of fluency in the English language, standing alone, is not a basis upon which to apply equitable tolling concepts. Nguyen v. Mervau, 1998 WL 556628, *2 (N.D.Cal. Aug.24, 1998) (equitable tolling not justified based on "lack of fluency in the English language and his alleged inability to find a jailhouse lawyer). While lack of fluency in English undoubtedly

imposes an additional burden on a petitioner in timely filing his petition, equitable tolling may be justified only if such limitations actually prevent timely filing.  See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006).  Here, Petitioner has made no such showing.

Finally, the Ninth Circuit has held that a petitioner's indigent status, his limited legal knowledge, and his reliance on other inmates for assistance do not entitle him to equitable tolling. See, e.g., Hughes v. Idaho State Bd. Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000)(lack of knowledge of state law does not establish cause).

The Ninth Circuit's reasoning is clear: a prisoner's indigent status, his lack of experience in the law, and the day-to-day difficulties and hardships of prison life are circumstances common to all inmates.  Thus, by definition, such circumstances cannot be not "extraordinary," and therefore do not justify equitable tolling.  If limited prison resources, disruptions in daily prison life, and an inmate's lack of legal knowledge and experience were excuses for not complying with the limitations period, Congress would have never enacted the AEDPA since most incarcerated prisoners share these identical problems.  Thus, the limitations period will not be equitably tolled on these grounds.

Moreover, the Court finds that, contrary to his own representations, Petitioner has not been diligent in the pursuit of his claims.  As equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights, the question of a petitioner's diligence is central to any timeliness determination.  The record before the Court establishes that Petitioner waited from the expiration of the one-year period on September 7, 2005 until May 22, 2007, a period of twenty months, before filing his first state habeas petition in order to exhaust his claims for relief.  Nothing in the record suggests that Petitioner was prevented in that process from pursuing his state remedies or filing this petition.

Petitioner's contention, that by the mere act of exhausting his remedies in state court he has established diligence, entirely misses the point.  It is not the act of exhausting his remedies and filing his federal petition that is central to the question of diligence, since all petitioners must complete

these steps, but rather the timeliness with which the petitioner undertakes and completes those actions.  Here, Petitioner did indeed ultimately exhaust his state court remedies; however, as mentioned above, he did not even <u>commence</u> his efforts to exhaust his state court remedies until almost two years after the one-year limitation period had already run.  Thus, Petitioner's conduct, regardless of his success in exhausting his claims, cannot be considered diligent.

Accordingly, the Court finds that Petitioner has not acted diligently in presenting his claims to this Court.  A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. <u>See</u>,  <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151 (1984); <u>see</u>, <u>also</u>, <u>Miles</u>, 187 F.3d at 1107.

Petitioner does not implicitly or explicitly assert any *additional* grounds for equitable tolling other than those discussed above, and the Court does not discern any such grounds from its review of the record.  Therefore, the Court concludes that Petitioner is not entitled to equitable tolling and, thus, the petition is untimely by over three years and must be dismissed.  Since Petitioner has already been afforded an opportunity to explain the delay in filing his petition, as required by the Ninth Circuit, and since Petitioner's explanations are inadequate to persuade the Court that the Petitioner is timely under any theory of equitable or statutory tolling, the Court must dismiss the petition.

### **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus is dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d);

2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated:     July 2, 2009**                             /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE